**FILED**
**Feb 28, 2020**
**09:07 AM(CT)**
**TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | |
|---|---|
| Jennifer Ferrari-Bullock, <br> Employee, <br> v. <br> United Parcel Serv., Inc., <br> Employer, <br> And <br> Liberty Mut. Ins. Corp., <br> Carrier. | )   Docket No. 2019-06-1597 <br> ) <br> ) <br> )   State File No. 23980-2018 <br> ) <br> ) <br> )   Judge Kenneth M. Switzer <br> ) |

## ORDER ON COMPENSATION HEARING

This case came before the Court on February 27, 2020, for a compensation hearing. United Parcel Service contests the amount of permanent partial disability benefits it owes and Ms. Ferrari-Bullock's entitlement to future medical benefits. The Court grants open medical benefits and awards $3,539.28 in permanent partial disability benefits.

### History of Claim

This claim is largely undisputed. The parties agreed as follows:

- Ms. Ferrarri-Bullock injured her left knee at work on March 28, 2018.
- UPS accepted the claim, and she received authorized treatment with Dr. Justin Langan.
- Ms. Ferrari-Bullock previously alleged injuries to other body parts, but she now waives those claims.
- UPS paid all temporary disability benefits to which Ms. Ferrari-Bullock is entitled.
- UPS paid for all authorized medical treatment.
- Dr. Langan placed Ms. Ferrari-Bullock at maximum medical improvement on August 29, 2018, and assigned a four-percent medical impairment rating to the body as a whole. This entitles her to eighteen weeks of benefits at the agreed compensation rate of $196.63, or $3,539.28, as her original award.

1

■ Ms. Ferrari-Bullock does not wish to pursue increased benefits under Tennessee Code Annotated section 50-6-207(3)(B) (2019).

According to UPS's Pre-Compensation Hearing Statement, the issues are the "amount of permanent disability benefits" and "future medical benefits."

## Findings of Fact and Conclusions of Law

"[A]t a compensation hearing where the injured employee has arrived at a trial on the merits, the employee must establish by a preponderance of the evidence that he or she is, in fact, entitled to the requested benefits." *Willis v. All Staff*, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *18 (Nov. 9, 2015).

Regarding the first issue, permanent partial disability benefits, according to the stipulations above, Ms. Ferrari-Bullock only seeks an original award under Tennessee Code Annotated section 50-6-207(3)(A) in the agreed amount of $3,539.28. She waived any entitlement to increased benefits. Thus, the Court concludes that Ms. Ferrari-Bullock established, by a preponderance of the evidence, that she is entitled to an original award of permanent partial disability benefits but no increased benefits.

Concerning the second issue, Tennessee Code Annotated section 50-6-204(a)(1)(A) states that the employer "shall furnish, free of charge to the employee such medical and surgical treatment . . . as ordered by the attending physician . . . made reasonably necessary by accident as defined in this chapter."

UPS offered no argument in support of its position that Ms. Ferrari-Bullock is not entitled to future medical benefits. The Supreme Court has held:

[U]nder the provisions of T.C.A. § 50-6-204 an employee is entitled to recover any reasonable and necessary medical expenses in the future which are incurred as a result of a compensable injury. If and when application is made for any such future medical expenses, the trial judge will at that time and under the evidence then adduced have to determine whether the employer or its insurance carrier is liable for the payment of such expenses.

*Bazner v. Am. States Ins. Co.*, 820 S.W.2d 742, 745 (Tenn. 1991). Therefore, the Court further concludes Ms. Ferrari-Bullock is entitled to future reasonable and necessary medical benefits for her left-knee injury that are related to the work accident.

**IT IS ORDERED** as follows:

1. Under Tennessee Code Annotated section 50-6-207(3), Ms. Ferrari-Bullock is entitled to $3,539.28 in permanent partial disability benefits, to be paid in a lump

sum.

2. UPS or its workers' compensation carrier shall provide Ms. Ferrari-Bullock with medical treatment as required by Tennessee Code Annotated section 50-6-204.

3. The $150.00 filing fee is taxed to UPS under Tennessee Compilation Rules and Regulations 0800-02-21-.06 (August, 2019), to be paid to the court clerk within ten days of entry of this order.

4. UPS shall file the Statistical Data Form (SD-2) with the court clerk within days of entry of this order.

5. Absent an appeal, this order becomes final in thirty days.

**ENTERED February 28, 2020.**

**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

**APPENDIX**

Technical record:
1. Petition for Benefit Determination-no attachments
2. Dispute Certification Notice
3. Show-Cause Order
4. Request for Scheduling Hearing
5. Order on Show Cause Hearing
6. Request for Scheduling Hearing
7. Order Setting Compensation Hearing
8. Pre-Compensation Hearing Statement

Exhibits:
1. Final Medical Report

3

## Certificate of Service

I certify that a copy of this Compensation Hearing Order was sent as indicated on February 28, 2020.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Jennifer Ferrari-Bullock, self-represented employee | X | | X | jenniferangelinaf@yahoo.com 3199 Old Sams Creek Rd. Pegram TN 37143 |
| David Hooper, Employer's attorney | | | X | dhooper@hooperzinn.com rlanglin@hooperzinn.com |

Penny Shrum / BHS

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

4



## Compensation Hearing Order Right to Appeal:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry. *See* Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties
**Appellant(s) (Requesting Party):** _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee
Appellee's Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*